UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P114-S

BRUCE HORTON                                                                    PLAINTIFF

v.

KENTUCKY DEPARTMENT OF CORRECTIONS *et al.*                 DEFENDANTS


## MEMORANDUM OPINION

Plaintiff, Bruce Horton, filed this civil rights action under 42 U.S.C. § 1983 (DN 1).  It is now

before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow,

the Court will dismiss some of the claims and allow others to proceed beyond initial screening.


## I.  SUMMARY OF CLAIMS

Plaintiff is a convicted inmate who was formerly incarcerated at the Kentucky State

Reformatory ("KSR").[1]  He initiated this civil rights action pursuant to 42 U.S.C. § 1983 against

the Kentucky Department of Corrections ("KDOC"); KDOC Commissioner LaDonna Thompson;

KDOC Medical Director Scott Haas; KSR Warden Larry Chandler; KSR medical assistant Roy

Washington; KSR doctor F.W. Kemen; and Correct Care Integrated Health.  He sues each Defendant

in his/her individual and official capacities.  He is seeking only injunctive relief in the form of

treatment for his hernia.

Plaintiff reports that in April 2006, while working as a state inmate at Dismiss Charities, he

injured himself moving a safe.  The injury consisted of a "blown out hernia."  Plaintiff states that he

was seen by Defendant Washington who assured Plaintiff that he would be referred to an outside

---

[1]Since filing this action, Plaintiff has been transferred to the Blackburn Correctional
Complex.

specialist.  Plaintiff states that he was not referred as promised.  Instead, Plaintiff was transferred to

the Pulaski County inmate work program where he reinjured himself.  This time Plaintiff was seen by

an outside specialist.  The outside specialist informed Plaintiff that he needed surgery to correct his

hernia.  After this diagnosis, Plaintiff was transferred to KSR.  On August 24, 2007, Plaintiff again

saw Defendant Washington about his hernia.  Defendant Washington "pushed the hernia back in

place" and ordered Plaintiff  "a truss belt to hold it in place."  Defendant Washington then put in a

request for the surgery.  Citing KDOC policy, the request was denied by Defendant Correct Care.

Defendant Washington requested the surgery a second time, and it was again denied by Defendant

Correct Care.  Plaintiff states that he "is suffering extreme and unnecessary pain associated with his

hernia [as a result of] the defendant's refus[al] to provide necessary medical treatment."

## II. <u>STANDARD OF REVIEW</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or

employee, the trial court must review the complaint and dismiss the action, if the court determines

that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2);

*McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or

in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a

claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim,

"[f]actual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp.*

*v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, --

U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint

under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.

*Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard

than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v.

Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does

not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)

(citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l

Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require

the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also

transform the district court from its legitimate advisory role to the improper role of an advocate

seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of

Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

**A.      <u>Kentucky Department of Corrections</u>**

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of

rights established elsewhere.  As such, it has two basic requirements:  (1) the deprivation of federal

statutory or constitutional rights by (2) a *person* acting under color of state law.  *See West v. Atkins*,

487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

The Kentucky Department of Corrections ("DOC") is a department within the Justice and

Public Safety Cabinet of the Commonwealth of Kentucky.  Exec. Order No. 2004-730 (July 9, 2004);

KY. REV. STAT. ANN. § 12.250.  A state and its agencies, however, are not "persons" subject to suit

under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35

F.3d 1046, 1049 (6th Cir. 1994).  Because the DOC is not a "person" under the Act, the Court will

dismiss the claims against the DOC for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[2] acts as a bar to all claims for relief against the DOC. A state and its agencies, such as the DOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978).[3]  In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)).  Accordingly, the Court will also dismiss all claims against the DOC for lack of subject matter jurisdiction.

## B.    Defendants Washington, Chandler, and Kemen

Defendants Washington, Chandler, and Kemen are all employees at KSR.  Plaintiff is seeking only injunctive relief.  Since filing this action Plaintiff has been transferred out of KSR to another facility.  An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility.  *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred).  Here, because Plaintiff is no longer incarcerated at KSR, Defendants Washington, Chandler, and Kemem cannot afford him

---

[2]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[3]*See also Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) ("The district court properly found no claim stated against several of the defendants, including: the Michigan Department of Corrections, which is entitled to Eleventh Amendment immunity.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 101-02 & n.11); *Reid v. State of Tennessee*, No. 94-6199, 1995 WL 619964, at *1 (6th Cir. Oct. 20, 1995) ("Eleventh Amendment immunity extends to the Tennessee Department of Corrections, as a judgment against it would restrain the state from acting or compel it to act.").

the relief he seeks as part of this action.  Accordingly, the Court will dismiss Plaintiff's claims against these Defendants.

**C.**     **Defendants Thompson, Haas, and Correct Care**

On review, the Court will allow Plaintiff's Eighth Amendment claims to proceed against Defendants Thompson, Haas, and Correct Care in their individual and official capacities.  In permitting those claims to proceed, the Court passes no judgment on the ultimate outcome of the action.

The Court will enter a separate Scheduling Order governing the development of the remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc:     Plaintiff, *pro se*
         Defendants
         General Counsel, Justice and Public Safety Cabinet, Office of Legal Counsel
4411.008